FIRST STATE BANK OF EASBY, a Corporation, Respondent, v. HANS BRATLIE and Karen Bratlie, Appellants.

(172 N. W. 821.)

**Findings of fact — modification of judgment.**

In this case the findings of fact, as made by the trial court, are sustained.

The conclusions of law and the judgment are modified and affirmed, **without** costs.

Opinion filed April 24, 1919.

Appeal from the District Court of Cavalier County; Honorable *W. J. Kneeshaw,* Judge.

Modified and affirmed.

*G. Grimson* and *Chester A. Marr,* for appellants.

"Where after breach of a contract, the performance of which was guaranteed the creditor and debtor enter into a new contract on terms different from first contract, by which they agree as to the damages to be paid later, the guarantors of the original contract are discharged." 107 Ind. 260.

*McIntyre & Burtness,* for respondent.

"Where the consideration of guaranty is sufficient when entered into, the guaranty does not fail by the subsequent loss of value of consideration." 20 Cyc. 1419, 1445.

ROBINSON, J. This is an appeal from a foreclosure judgment for $505.72 and $72.19 costs, and that a certain quarter section of land be sold to pay the same. As the findings and the evidence show, the action was commenced prematurely. The plaintiff had no cause of action without first delivering to the defendants a promissory note made by them to the plaintiff for $350 and interest, and a note for $245, made to them by Alfred Lunstad, but, in furtherance of justice, the court decided that no judgment should be entered until the delivery of said two notes to the clerk of the court by the plaintiff, and that within thirty days from the date of the findings the defendants might pay the amount found due without any costs. But, as the action was prematurely brought, without first delivering said two promissory notes, the defendants should not have been penalized with the costs unjustly incurred by reason of their failure to pay so large a sum within thirty days. The order should have been either that the action be dismissed, without prejudice, or that within ninety days the defendants pay the sum found due, without any costs whatever and, in case

of nonpayment, then that the land be advertised and sold to pay the same.

As the evidence shows, and as the court found, the $350 note was made to the plaintiffs by Alfred Lunstad, a son-in-law of the defendants, and by them it was indorsed and guaranteed without any consideration only a promise of the plaintiff to deliver up all the notes and indebtedness under certain conditions on the payment of said $350 note; that afterwards, in renewal and payment of said $350 note, the defendants made to the plaintiff the notes and the mortgage in suit, and then the plaintiff unjustly and unreasonably and without any consideration demanded and required Alfred Lunstad to make to it his promissory note for $245 against the protests of the defendants. There is some strong testimony that the mortgage and the notes thereby secured were never delivered, but that was not made a direct issue by the answer, and on these and the other issues the findings of fact appear to be just and fairly in accordance with the evidence. However, the judgment must be modified in accordance with this opinion by striking from it the item of costs and giving the defendants ninety days from the filing of the remittitur to pay the judgment, with interest, and if it be not paid within that time, then that the land may be advertised and sold to pay the same, with interest and the costs of sale.

Judgment modified and affirmed, without costs to either party.

GRACE, BIRDZELL, and BRONSON, JJ., concur.

CHRISTIANSON, Ch. J. (dissenting in part). In April, 1913, one Lunstad was indebted to the plaintiff bank in the sum of about $650. This indebtedness was secured by chattel mortgages. The plaintiff had instituted foreclosure proceedings and taken possession of the mortgaged chattels. The proceedings were adjusted under a written agreement, by the terms of which the plaintiff agreed to turn the chattels back to Lunstad, in consideration of Lunstad executing and delivering to the plaintiff a note for $350 executed by Lunstad as maker, and by the defendants Bratlie as guarantors. The agreement further provided that Lunstad was to cause certain flax raised by him in 1912 to be

threshed and deliver one-half thereof at an elevator at Easby; that the proceeds of such flax was to be turned over to the plaintiff, free of all charge except the threshing bill. The agreement provided that if the $350 note should be paid at its maturity, and the proceeds of the flax turned over as provided, that then the plaintiff bank would turn over all notes and evidences of indebtedness against Lunstad. It appears that the flax was destroyed by fire before it was threshed, and that the $350 note was not paid at maturity, or at all. Some arrangements were made for a renewal of the $350 note, and on October 31, 1913, the defendants executed the notes and mortgage involved in this action. It appears that on the same day the plaintiff obtained from Lunstad a note for $245, and a chattel mortgage to secure the same. The defendants Bratlie questioned the right of the plaintiff to demand such note and chattel mortgage from Lunstad, and did not turn the renewal notes and mortgage over to the plaintiff, but gave them to their attorneys. There is some dispute as to the demands of the defendants. The plaintiff contends that the defendants merely insisted upon a release of the chattel mortgage, and not upon a surrender of the $245 note. This is also Lunstad's version of the matter. Bratlie, however, claims that he also insisted upon a surrender of the $245 note. Later the bank released the chattel mortgage, and the notes and mortgage involved in this action were turned over to it. (The bank however retained the $245 note.) No payments were made, and in 1915 the bank instituted a proceeding by advertisement to foreclose the mortgage involved in this action. The defendants enjoined the foreclosure. In both the affidavit then presented and in the answer in this action no question was raised as to the delivery of the notes and mortgage involved in this action. The sole defense proposed by defendants in the affidavit on which the restraining order was based, and the sole defense set forth in their answer in this action, is that the consideration for the notes sued upon failed for the reason that the plaintiff demanded and obtained from Lunstad the $245 note.

I have already referred to the written agreement entered into at the time the $350 note was given. Under the express terms thereof Lunstad's notes were to be turned over by the bank upon two conditions: (1) The payment at maturity of the $350 note upon which the defend-

ants appeared as guarantors; and, (2) the delivery by Lunstad of the flax at some elevator at Easby. Conceding that Lunstad was released from the second condition by reason of the flax being destroyed by fire, the first condition still remained. This condition was never performed at all. Under the judgment in this case the trial judge adopted the view most favorable to the defendants. He required the plaintiff to surrender both the $245 and the $350 notes, and gave defendants thirty days in which to pay the amount of the two notes involved in this action, without costs. The majority members uphold the judgment in so far as it awards judgment against the defendants for the principal and interest of the notes, but reverses it in so far as it allowed defendants only thirty days in which to make payment, and required them to pay costs in event of their failure to make payment within such time. It seems to me that if the trial court had the power to award, and was right in awarding, judgment upon the notes at all, that the time in which payment should be made, and the allowance of costs, were matters within the discretion of the trial court. Manifestly the trial court had far better opportunity to determine these matters justly than have the members of this court. The trial judge had restrained the foreclosure by advertisement. He heard and saw the parties upon the trial of this action. He gave the defendants the benefit of all doubts upon the question of the controversy with respect to the $245 note. He afforded the defendants an opportunity to pay the amount of the notes without costs, provided payment was made within thirty days. There is not the slightest contention that the time allowed was inadequate. So far as the record in this case shows, the judgment now ordered by the majority members would have been just as objectionable to the defendants as that rendered by the trial court. Defendants have never suggested a modification of the judgment. They claim that they have been released from all liability to the plaintiff. That is the issue presented in their answer, and that is their contention on this appeal. I believe that the judgment appealed from should be affirmed without modification.